**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**(ABERDEEN DIVISIONAL OFFICE)**

IN RE:                                          CASE NUMBER: 23-10541-JDW

MARK D. TAYLOR                                  CHAPTER 13
ASHLEY M. TAYLOR

     DEBTORS

## OBJECTION TO CONFIRMATION OF THE PLAN

Exeter Finance LLC ("Secured Creditor"), a creditor in the above-captioned proceeding, objects to the confirmation of the Debtors' Chapter 13 Plan on the grounds that the proposed plan: (1) provides for payment of a lesser amount than its secured claim, and (2) fails to provide lien retention language with respect to the secured claim.  In support of its objection, Secured Creditor shows:

1.      On April 2, 2022, in connection with the purchase of a motor vehicle, Mark D. Taylor and Ashley M. Taylor (the "Debtors") executed a Retail Installment Sale Contract Simple Finance Charge (with Arbitration Provision) ("Contract"), a copy of which is attached as Exhibit "A."

2.      To secure the payment of the indebtedness, the Debtors granted a security interest in a 2014 Ford F150 to the holder of the Contract.

3.      Accordingly, Secured Creditor has duly perfected its security interest in the Vehicle evidenced by the Certificate of Title attached as Exhibit "B."

4.      As of the date of filing, the Debtors owed Secured Creditor $21,964.03 with interest accruing at a rate of 23.41% interest accruing thereafter as shown in the Proof of Claim attached as Exhibit "C."

5.      The debt was incurred within 910 days of the filing of this bankruptcy proceeding.

6.      Accordingly, Secured Creditor has a secured claim in the amount of $21,964.03.

7.      The Debtors' Chapter 13 Plan provides for payments to be made to Secured

Creditor based upon a secured claim of $21,709.00 at 7% interest.

8.    The plan thus fails to meet the requirement of 11 U.S.C. 1325(a)(5)(B)(ii) in that the value of the property to be distributed to Secured Creditor under the plan is less than the allowable amount of its secured claim.

9.    The plan does not state, as required by 11 U.S.C. 1325 (a)(5)(B)(i)(I), that Secured Creditor shall retain the lien securing its claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328.

WHEREFORE, Exeter Finance LLC prays that the Court deny confirmation of the Debtors' Chapter 13 Plan unless it is modified to correct the deficiencies set forth herein.

**THE SUNDMAKER FIRM, L.L.C.**

/s/ *Gregory J. Walsh*
GREGORY J. WALSH (MS Bar No. 104344)
1027 Ninth Street
New Orleans, LA  70115
Telephone:  (504) 568-0517/Fax: (504) 568-0519
greg@sundmakerfirm.com
**Attorney for Secured Creditor**

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served on all interested parties as listed below either electronically via the Court's CM/ECF electronic filing system, and/or by electronic mail and/or by depositing same in the U.S. Mail, postage prepaid, this 20th day of March, 2023:

| | | |
|---|---|---|
| Locke D. Barkley | United States Trustee | Robert Hudson Lomenick, Jr. |
| 6360 I-55 North, Suite 140 | 501 E. Court St., Suite 6-430 | PO Box 417 |
| Jackson, MS 39211 | Jackson, MS 39201 | Holly Springs, MS 38635 |
| Mark D. Taylor | | |
| Ashley M. Taylor | | |
| 648 Massengill Rd | | |
| Hickory Flat, MS 38633 | | |

/s/ *Gregory J. Walsh*
Gregory J. Walsh

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| MARK TAYLOR<br>648 MASSENGILL RD<br>HICKORY FLAT, MS BENTON, 38633 | ASHLEY TAYLOR<br>648 MASSENGILL RD<br>HICKORY FLAT, BENTON, MS 38633 | ACURA OF MEMPHIS<br>2611 RIDGEWAY ROAD<br>MEMPHIS, TN 38119 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2014 | FORD F-150 | 1FTFW1EF2EKF69259 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural    ☐ __N/A__ |

### TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $8,000.00 is |
|---|---|---|---|---|
| 23.41 % | $ 18,873.37 | $ 21,258.71 | $ 40,132.08 | $ 48,132.08 |

**Returned Check Charge:** You agree to pay a charge of $ __30.00__ if any check you give us is dishonored or any electronic payment is returned unpaid.

**WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Your Payment Schedule Will Be:**                        (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 557.39 | Monthly beginning 05/17/2022 |
| One Final Payment Of | $ N/A | On  N/A |
| N/A | | |

**APPLICABLE LAW**
Federal law and the law of the state of Tennessee apply to this contract.

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __1.00__ or __5__ % of the part of the payment that is late, whichever is __greater__.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation: Guía para compradores de vehículos usados.** La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _Mark Taylor_                     Co-Buyer Signs X _Ashley Taylor_

This is not the Authoritative Copy.

Copy

"A"

This is not the Authoritative Copy.

1 Cash Price (including $ 1,552.21 sales tax) .................................. $ 28,552.21 (1)

2 Total Downpayment =

Trade-in N/A

| (Year) | (Make) | (Model) |
|---|---|---|

| Gross Trade-In Allowance | $ | N/A |
|---|---|---|
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | 8,000.00 |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |

(If total downpayment is negative, enter "0" and see 4I below) $ 8,000.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) .................................. $ 20,552.21 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

| A | Cost of Optional Credit Insurance Paid to Insurance Company or Companies. | | |
|---|---|---|---|
| | Life | $N/A | |
| | Disability | $N/A | $ N/A |
| B | Vendor's Single Interest Insurance Paid to Insurance Company | | $ N/A |
| C | Other Optional Insurance Paid to Insurance Company or Companies | | $ N/A |
| D | Optional Gap Contract | | $ N/A |
| E | Official Fees Paid to Government Agencies | | $ N/A |
| F | Government Taxes Not Included in Cash Price | | $ N/A |
| G | Government License and/or Registration Fees | | |
| | N/A | | |
| | REGISTRATION FEE | | $ 7.50 |
| H | Government Certificate of Title Fees | | $ N/A |
| I | Other Charges (Seller must identify who is paid and describe purpose) | | |

| to N/A | for Prior Credit or Lease Balance | $ N/A |
|---|---|---|
| to DEALER | for DOCUMENTATION FEE | $ 699.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf $ 706.50 (4)

5 Amount Financed (3 + 4) ....................................... $ 21,258.71 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
N/A , Year N/A . SELLER'S INITIALS N/A

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is** $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

### NO COOLING OFF PERIOD
**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

requires from anyone you choose subject to our approval of your choice as the law allows. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. Your choice of insurance providers will not affect the credit terms or our decision to sell the vehicle or extend credit to you. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐
| N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

☐
| N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A                              N/A
Buyer Signature                    Date

X N/A                              N/A
Co-Buyer Signature                 Date

**THIS INSURANCE DOES NOT INCLUDE INSUR-ANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

X N/A
Buyer Signature

X N/A
Co-Buyer Signature

This is not the Authoritative Copy.

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service or other contract charges.** If we get a refund of insurance, maintenance, service or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any collection costs we incur as the law allows.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we will store them for you. If you do not ask for these items back within 14 days from the day we take your vehicle, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. Insurance or other contracts.** This contract may contain charges for optional insurance, maintenance, service or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

---

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

This is not the Authoritative Copy.

DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____N/A_____ Mos.            _____N/A_____
                                              Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X ___N/A___

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X _Mark Taylor_    Co-Buyer Signs X _Ashley Taylor_

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 4, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X _Mark Taylor_ Date _04/02/2022_    Co-Buyer Signs X _Ashley Taylor_ Date _04/02/2022_

Buyer Printed Name _MARK TAYLOR_    Co-Buyer Printed Name _ASHLEY TAYLOR_

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _N/A_    Title _N/A_

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _N/A_    Address _N/A_

Seller signs _ACURA OF MEMPHIS_ Date _04/02/2022_ By X _____ Title _F&I Manager_

This is not the Authoritative Copy.

**LAW** FORM NO. 553-TN-ARB-e (REV. 10/19)
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.



# Assignment

**(To be physically attached to Retail Installment Contract and Promissory Note)**

**For Value Received.** The undersigned hereby sells and assigns to:

**Exeter Finance LLC**
**P.O. Box 166008**
**Irving, TX 75016**

All of its right, title, and interest in and to the Retail Installment Contract and Promissory Note or similar agreement or document ("Contract Document") to which this assignment is attached. The terms and conditions of this assignment *supersede* any contrary provisions of the form of assignment contained in the Contract Document to which this assignment is attached.

This assignment is made pursuant to the Dealer Agreement entered into between the undersigned and Exeter Finance LLC, the terms and conditions of which are incorporated herein by this reference.

Buyer: MARK TAYLOR

Co-Buyer: ASHLEY TAYLOR

Dealership: ACURA OF MEMPHIS

Print Name: ALEX GOLDEN

Authorized Signature: *[signature]*

Date: 04/02/2022

This is not the Authoritative Copy.

Assignment Form 07/19/13

# STATE OF MISSISSIPPI

## ORIGINAL

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E G UNIT #) |
|---|---|---|---|---|---|---|
| 1FTFW1EF2EKF69259 | FORD | 2014 | F150 | PK | MS0274743552 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER NO TENTHS |
|---|---|---|---|---|---|
| 05/10/2022 | | 8 | USED | PU | 97097 ACTUAL |

**OWNER(S)**

TAYLOR, MARK OR ASHLEY
648 MASSENGILL RD
HICKORY FLAT MS 38633-7708

**BRANDS**

**1ST LIENHOLDER**

EXETER FINANCE LLC
PO BOX 166008
IRVING TX 73016-6008

**DATE** 03/26/2022

**2ND LIENHOLDER**

**DATE**

**MAIL TO**

EXETER FINANCE LLC
PO BOX 166008
IRVING   TX 75016-6008



LIEN SATISFACTION  THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF

1ST LIEN _____ BY _____
                              (LIENHOLDER)                                                    (SIGNATURE AND TITLE)

THIS _____ DAY OF_____ 20_____

2ND LIEN _____ BY _____
                              (LIENHOLDER)                                                    (SIGNATURE AND TITLE)

THIS _____ DAY OF_____ 20_____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE 10TH DAY OF MAY 20 22

The Mississippi Department of Revenue hereby certifies that on application duly made  the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue  This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63 21 1  Mississippi Code of 1972  and subject to the provisions thereof

**CONTROL NUMBER**

**MISSISSIPPI DEPARTMENT OF REVENUE**

"B"

## LIMITED POWER OF ATTORNEY

BE IT KNOWN, that _____Exeter Finance LLC_____ (the "Client"), does hereby grant a limited power of attorney to AIS Portfolio Services, LLC (formerly known as AIS Portfolio Services, LP, AIS Data Services and Ascension Capital Group), a Texas Limited Liability Company ("AIS") as the representative of the Client as set forth below.

Effective as of _9/13/2022_, the Client gives full power and authority to AIS to: (a) prepare, execute and file Proofs of Claim, Transfers of Claim, Reaffirmation Agreements, Requests for Notice and other documents as necessary in bankruptcy proceedings under the United States Bankruptcy Code on behalf of the Client for accounts managed and/or serviced by AIS; and (b) undertake and perform any other actions necessary to effect the foregoing. This Limited Power of Attorney is being given to AIS and may be attached to claims filed and/or transferred, Reaffirmation Agreements and other documents filed on Client's behalf as required by the Federal Rules of Bankruptcy Procedure and the Official Forms.

AIS agrees to accept this appointment subject to its terms and agrees to act and perform in said fiduciary capacity consistent with the Client's best interests as AIS in its discretion deems advisable. This Limited Power of Attorney may be revoked by the Client at any time, provided any person relying on this Limited Power of Attorney shall have full rights to accept the authority of the Client's representative until in receipt of actual notice of revocation.

Signed, on this _Sept. 13, 2022_,

Client Name

By: _____

Name: Troy Miller
Title: EVP Servicing Operations

STATE OF _Texas_ }
                 } SS.
COUNTRY OF _Dallas_ }

The foregoing instrument was executed before me on the _13th_ of _September, 2022_ by _Troy Miller_, the authorized representative of _Exeter Finance LLC_, Known to me to be the person whose name is subscribed to the foregoing instruction and acknowledged to me that he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed of such _Exeter Finance LLC_

_____
Notary Public in and for the State of _Texas_

My commission expires:
_5/11/2024_

ASHLEE RANELL YATES
Notary Public
STATE OF TEXAS
ID#129089172
My Comm. Exp. May 11, 2024

"C"

| Fill in this information to identify the case: | |
|---|---|

Debtor 1  **Mark Taylor**

Debtor 2  **Ashley Taylor**
(Spouse, if filing)

United States Bankruptcy Court  **Northern District of Mississippi**

Case number:  **23–10541**

**FILED**

**U.S. Bankruptcy Court
Northern District of Mississippi**

3/17/2023

**Shallanda J. Clay, Clerk**

Official Form 410
# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Exeter Finance LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Exeter Finance LLC | Exeter Finance LLC |
| Name | Name |
| 4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | PO Box 650693<br><br>Dallas, TX 75265 |
| Contact phone _____(817) 277–2011_____ | Contact phone _____(817) 277–2011_____ |
| Contact email ___ECFNotices@aisinfo.com___ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:      5550 |

| | |
|---|---|
| 7. **How much is the claim?** | $     21,964.03      **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Car Loan |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>    **Nature of property:**<br>    ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>    ☑ Motor vehicle<br>    ☐ Other. Describe:     2014 Ford F–150 Crew Cab XLT 4WD 5.0L V8<br><br>    **Basis for perfection:**     Contract and/or Title<br><br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**     $   18,950.00<br>    **Amount of the claim that is secured:**     $   21,964.03<br>    **Amount of the claim that is unsecured:**     $      (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**     $   2,053.91<br><br>    **Annual Interest Rate** (when case was filed)     23.4100 %<br>    ☑ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: |

Official Form 410          Proof of Claim          page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies

$ _____

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date      3/17/2023

MM / DD / YYYY

/s/ Veermanu Yadav

Signature

Print the name of the person who is completing and signing this claim:

| Name | Veermanu Yadav |
|---|---|
| | First name      Middle name      Last name |
| Title | Claims Processor |
| Company | AIS Portfolio Services, LP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 4515 N Santa Fe Ave. Dept. APS |
| | Number    Street |
| | Oklahoma, OK 73118 |
| | City   State   ZIP Code |
| Contact phone | (888)–455–6662 |
| Email | ECFNotices@aisinfo.com |

## Auto Proof of Claim Attachment

| | | | |
|---|---|---|---|
| **Name of debtor:** | MARK D. TAYLOR/ASHLEY M. TAYLOR | **Case number:** | 23-10541-JDW-13 |
| **Name of creditor:** | Exeter Finance LLC | **Last four digits of any number you use to identify the debtor's account:** | XXXXX5550 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date

| | | | |
|---|---|---|---|
| 1. **Principal due** | | (1) | $20,850.44 |
| 2. **Interest due** | | (2) + | $922.72 |
| 3. **Total principal and interest due** | | (3) | $21,773.16 |

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

| Description | | | Amount |
|---|---|---|---|
| 1. **Late charges:** | | (1) | $190.87 |
| 2. **Non-sufficient funds (NSF) fees:** | | (2) | $0.00 |
| 3. **Other. Specify:** | | (3) | $0.00 |
| 4. **Other. Specify:** | | (4) | $0.00 |
| 5. **Other. Specify:** | | (5) | $0.00 |
| 6. **Total prepetition fees, expenses, and charges.** | | (6) | $190.87 |

### Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

| | | | |
|---|---|---|---|
| 1. **Installment payments due** | Date last payment received by creditor | | 12/15/2022 |
| | Number of installment payments due as of petition date *Note: Partial payments will be reflected to the hundredth decimal place.* | (1) | 0.00 |
| 2. **Amount of installment payments due as of petition date:** | | (2) | $1,863.04 |
| 3. **Calculation of cure amount** | **Add** total prepetition fees, expenses, and charges | + | $190.87 |
| | **Subtract** total of unapplied funds (funds received but not credited to account) | - | $0.00 |
| | **Subtract** amounts for which debtor is entitled to a refund | - | $0.00 |
| | **Total amount necessary to cure default as of the petition date** | (3) | $2,053.91 |